788 P.2d 242

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Daniel Lynn SNELSON, Defendant–Appellant.**

No. 18105.

Court of Appeals of Idaho.

March 2, 1990.

Alan E. Trimming, Ada County Public Defender, Richard D. Toothman, Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

In a jury trial, Daniel Snelson was convicted of the crime of lewd conduct with a minor. I.C. § 18–1508. He received a sentence of fifteen years with a five-year minimum period of confinement and he has appealed. Snelson contends his sentence is unduly harsh. We affirm.

Lewd conduct with a minor is a felony which carries a maximum penalty of life in confinement. I.C. § 18–1508. Where a sentence is within the statutory limits, it will not be reversed on appeal absent an abuse of discretion. On review, we will not conclude that the sentencing judge abused his discretion unless the sentence is unreasonable under the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982).

In determining the reasonableness of a sentence, we must look to the probable length of confinement. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In Snelson's case, this means five years, the minimum period of confinement specified by the judge under the Unified Sentencing Act (I.C. § 19–2513). *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App. 1989). When considering whether five years of confinement is reasonable, we employ the substantive sentencing criteria announced in *Toohill* and *Sanchez,* including the protection of society, retribution, deterrence and rehabilitation. Under *Toohill,* a sentence longer than necessary to achieve these sentencing goals is unreasonable and constitutes clear abuse of discretion. We examine the sentence in a given case, having regard for the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

In this case, the lewd conduct consisted of manual and oral contact with the genitals of Snelson's six-year old stepdaughter. This crime represents a serious offense, especially here, where Snelson was acting as a parent with the responsibility of looking out for the child's welfare. In short, Snelson betrayed the trust and love he had gained from the child. With respect to Snelson's character, the record is void of any past history of a propensity to commit the crime of lewd conduct with a minor. However, his propensity to commit future sex offenses could not be fully evaluated because of failure to cooperate with the evaluators. Snelson has a prior felony record, including a forgery and two controlled substance offenses. He also has a long record of alcohol and drug abuse. In fact, Snelson admits that during the period of this offense he smoked a fourth of an ounce of marijuana every five days.

The judge considered Snelson's character and the seriousness of the offense. He stated a belief that society is entitled to know that punishment follows such a crime. He also considered the goal of deterrence, saying "if other people similarly inclined are aware of the fact that people who commit sex crimes go to prison, then they will be deterred." The judge also noted that Snelson's record of convictions for felonies—although not for sex offenses—mandated a substantial sentence in this case.

We believe the judge considered and applied the proper sentencing guidelines. He articulated sound reasons to support his sentencing decision. In light of the sentencing criteria, the sentence is reasonable. Accordingly, there is no showing of an abuse of discretion. The judgment of conviction, including the sentence, is affirmed.