845 P.2d 1216

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Joseph THOMAS, Defendant–Appellant.**

**Nos. 19871, 19905.**

Court of Appeals of Idaho.

Jan. 28, 1993.

Robert C. Naftz of Whittier, McDougall, Souza, Murray & Clark, Chartered, Pocatello, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Joseph Thomas appeals from the order revoking probation on his aggravated assault conviction in Power County and from the order sentencing him on his felony driving under the influence (DUI) conviction in Bannock County, which matters were consolidated for disposition. The commitment orders were filed on March 13, 1992, and March 11, 1992, respectively. Pursuant to a motion made by Thomas after the filing of separate, timely notices of appeal, the cases were also consolidated for purposes of briefing and argument.

Upon revocation of Thomas's probation for aggravated assault, Thomas was ordered to serve his previously suspended sentence, which the district judge reduced from five years fixed to a minimum term of two years, with three years indeterminate. This sentence was to be served concurrently with the two-to-five-year term which the court imposed for the felony DUI. On appeal, Thomas argues that it was an abuse of discretion for the district judge to order incarceration on the probation revocation and as a sentence for the DUI conviction, when it was clear that long-term alcohol abuse treatment would best protect society and afford him much needed rehabilitation. We affirm the district judge's decision to revoke Thomas's probation and commit Thomas to the custody of the Board of Correction to serve his previously suspended sentence. We also affirm the sentence imposed for the DUI conviction.

After pleading guilty in Power County to aggravated assault, Thomas was given a withheld judgment in May, 1990, and placed on probation for five years. Two months into his probation, he violated by being in possession of firearms, by driving under the influence and by his arrest for DUI. He completed an inpatient substance abuse program after which he was again put on probation. He violated probation with another DUI, for which his probation was revoked. The court then imposed a fixed five-year sentence, but retained jurisdiction for 180 days. On the recommendation of the Jurisdictional Review Committee, the district court returned Thomas to probationary status, suspending his fixed five-year sentence. On December 14, 1991, Thomas was arrested for felony DUI in Bannock County, for which his probation was again revoked.

Thomas moved to change his original plea of not guilty on the felony DUI charge to a plea of guilty. Counsel for Thomas then requested that sentencing on the DUI be held in Power County on the same date as the hearing on the probation violation stemming from the DUI charge. Both matters were set for hearing on March 9, 1992. Thomas admitted to having a blood alcohol concentration (BAC) of .14/.15 percent when he was stopped by the Idaho State Police, which constituted a violation of his probation; however, he asserted that a large dosage of cough medicine containing alcohol which he had ingested accounted for the BAC readings. The district court determined to revoke Thomas's probation, but it reduced the sentence, which it had previously imposed, to a term of two to five years. The court gave Thomas credit for time served, including the 180 days on retained jurisdiction. The court also sentenced Thomas on the DUI charge to a concurrent two-to-five-year term, with credit for time served.

Thomas did not appeal the fixed five-year sentence he received for aggravated assault. The only issue raised with respect to that case is whether the district court abused its discretion in revoking Thomas's probation and ordering into execution the suspended sentence as reduced by the district court under I.C.R. 35 authority.

A decision to revoke probation is reviewable under an abuse of discretion standard. I.C. § 20–222. The appellate court must determine whether the district court acted within the bounds of its discretion, consistent with any legal standards applicable to its specific choices, and whether the court reached its decision by an exercise of reason. *State v. Hass,* 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct.App. 1988). An admission of the violation by the probationer supports a determination by the district court to revoke the suspended sentence and reinstate the sentence. *State v. Hancock,* 111 Idaho 835, 727 P.2d 1263 (Ct.App.1986).

In making its decision, the district court examines whether the probation is achieving the goals of rehabilitation and is consistent with the protection of society. *State v. Hass, supra.* Here, the district court took into consideration that Thomas had violated his probation twice before the instant violation, which on each occasion was on account of drinking and driving leading to DUI charges. The court noted also that a prior inpatient substance abuse program and another treatment program that Thomas had completed during the retained jurisdiction period had apparently done little to redirect Thomas's dangerous and unlawful driving under the influence.

We conclude that the justification for the district court's decision is amply supported by the record. Furthermore, Thomas makes no distinct argument as to how the revocation and reinstatement of the prison sentence is an abuse of discretion under the circumstances of this case and, accordingly, he has failed to satisfy his burden on appeal. We affirm, therefore, the order revoking probation and committing Thomas to serve his sentence as reduced on the court's own initiative.

Next, we address the sentence Thomas received on the felony DUI convic-

tion. Thomas's primary argument is that the district court abused its discretion in imposing a two-to-five-year sentence on the felony DUI. Thomas asserts that the sentence reflects that the district court, in ordering incarceration, acted to protect society and for purposes of retribution, giving insufficient consideration to the sentencing goal of rehabilitation. Thomas argues that the best protection for society would be accomplished by treating Thomas's disease of alcoholism, rather than by a prison term. Finally, Thomas contends that the sentence of two years fixed, followed by three years indeterminate, is beyond that which is required to satisfy the sentencing objectives.

It is the burden of the appellant in a sentence review to show, under any reasonable view of the facts, that his sentence is excessive in light of the sentencing criteria. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). In addition, the reasonableness of a sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The length of the sentence, particularly the minimum period of confinement, is the focus of our evaluation of the reasonableness of Thomas's sentence. *See State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Only when it is shown that the sentence is an abuse of discretion will we disturb it. *State v. Hooper*, 119 Idaho 606, 809 P.2d 467 (1991).

The facts that document Thomas's repetitive misuse of alcohol have been set forth earlier in this opinion. Also before the district court at sentencing was a history of four prior DUI convictions and participation in two separate treatment programs, which Thomas completed but has been unable to implement in his life. The district court accepted that Thomas was a confessed alcoholic, but it was unwilling to ignore the serious risk of harm that Thomas posed to the public by his continued behavior of drinking and driving. The past

attempts to rehabilitate Thomas, including probation and inpatient care at a private facility and institutional treatment at the North Idaho Correctional Institution, had failed. The district court resolved that incarceration was the only alternative available to provide a structured environment to deter Thomas from his criminal conduct.

Thomas could have received a five-year fixed sentence for felony DUI. His minimum two-year term of incarceration, therefore, would not ordinarily be construed as an abuse of discretion. *See State v. Hawk*, 97 Idaho 1, 539 P.2d 553 (1975); *State v. Snelson*, 117 Idaho 427, 788 P.2d 242 (Ct. App.1990). The sentence was imposed after the district court had duly contemplated each of the sentencing objectives and reasoned that the protection of society was its paramount concern. *See State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). The record is clear that the court was not insensitive to Thomas's need for an alcohol abuse treatment program, but found that rehabilitation did not outweigh the goal of protecting society. Based upon the facts presented to us, we hold that the sentence has not been shown to be excessive or an abuse of the sentencing court's discretion.

In summary, we affirm the district court's order revoking Thomas's probation for aggravated assault and directing execution of the balance of his modified sentence. We also affirm the sentence of two to five years' incarceration imposed for Thomas's felony DUI conviction.

WALTERS, C.J., and SILAK, J., concur.