727 P.2d 1263

STATE of Idaho, Plaintiff-Respondent,

v.

Robert S. HANCOCK, Defendant-Appellant.

No. 16004.

Court of Appeals of Idaho.

Oct. 30, 1986.

Jeff M. Brudie and Kent J. Merica, of Knowlton & Miles, Lewiston, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Michael A. Henderson, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Robert Hancock appeals from a district court order revoking his probation and reinstating the full suspended sentences for two counts of aggravated battery. He now asserts: (1) that he was deprived of due process of law when the district court revoked his probation, and (2) that the district court's imposition of two concurrent ten-year indeterminate sentences was excessive. We affirm the lower court, albeit on grounds different from those stated by the court.

An elderly Lewiston couple endured a vicious knifing attack by an intruder in their home. Hancock was charged with the crimes and he pled guilty to two counts of aggravated battery. On October 17, 1984, the district court sentenced him to serve two concurrent ten-year indeterminate sentences. The transcript of the sentencing hearing and the clerk's minutes make it clear that the judge orally *suspended* all but the first eleven months of the sentence. No mention of probation was made. The judge simply stated that Hancock would

> spend the first eleven months of that sentence in the Nez Perce County Jail, and arrangements [would] be made to make the Department of Health & Welfare available to counsel with [Hancock],

to try to get to the bottom of that problem [aggression towards others] so that this will never happen again.

However, the judgment which was later prepared and submitted to the judge for signature erroneously *commuted* the sentence to eleven months. This written judgment also made no mention of probation.

Two months later, while Hancock was serving his jail time, a criminal complaint was filed charging Hancock with possession of a dangerous weapon (a paring knife) by an inmate, a felony. This new charge was still pending on February 13, 1985, when the court held a hearing, attended by Hancock and his counsel, to correct the language of the original judgment in the aggravated battery case. The judge told Hancock that it had been his intent to suspend all but the first eleven months of the ten-year sentence; that Hancock would serve the eleven months in jail "and that *for the remainder of the ten years* you would be on probation to the Department of Parole and Probation, and the Court's going to order that that [sic] judgment be amended to conform with the sentence as pronounced here in open court." (Emphasis added.) No terms of probation were discussed and no objection to the procedure was made by Hancock. On February 22 an amended order was entered *nunc pro tunc* as of October 17, 1984.

The amended order listed ten conditions of probation including:

> 6. That defendant shall conduct [himself] as a good citizen and obey all city, county, state and federal laws;
>
> . . . .
>
> 8. That defendant shall be committed to the custody of the Nez Perce County Jail for ELEVEN (11) months commencing on October 17, 1984.

Another hearing was held on March 20 shortly before the scheduled trial on the new charge. At this hearing, Hancock admitted violation of probation in the aggravated battery case in exchange for dismissal by the state of the charge of possession of a dangerous weapon by an inmate. The admitted violation was based upon Hancock's possession of the dangerous weapon while he was in jail. Hancock expressly waived his right to written notice of the alleged probation violation and declined to exercise his right to an evidentiary revocation hearing. The court reinstated the full original sentence as amended. Hancock appeals.

Hancock's argument that he has been denied due process of law rests on two deficiencies in the proceedings: (1) that prior to the time he is alleged to have violated his probation he was never informed, orally or in writing, that he was on probation and was never informed of any of the conditions of that probation; and (2) that he was never given notice of the prohibited act prior to the revocation of his probation for the commission of that act.

As to Hancock's first point, it is well-established that the terms and conditions of probation must be contained in a written order granting probation. *Ex parte Medley*, 73 Idaho 474, 253 P.2d 794 (1953). "The conditions of probation should be presented to the probationer in writing and explained to him by the sentencing court or at an early conference with the probation officer." IDAHO JUDGES SENTENCING MANUAL § 8.3 at 815 (rev.ed. 1985) (citing ABA STANDARDS RELATING TO PROBATION § 3.1(a)). It is obvious from the record that these requirements were not met in this case prior to the time Hancock was alleged to have violated the conditions of his probation.[1] The record shows only that a copy of the proposed "Amended Judgment and Order Suspending Sentence," prepared by the prosecuting attor-

---

1. We presume that the district judge may have felt it was premature and unnecessary to state specific conditions of probation until Hancock would be released from jail. Moreover, we believe that the judge's remarks at the February 13, 1985, hearing reflect the judge's intention to have the probation commence *after* the jail term had been served. If that was his intention, the amended order did not make this clear and, in fact, purported to make all of the probation conditions effective as of October 17, 1984.

838

ney's office, had been furnished to Hancock's attorney by February 13, 1985.

■ We conclude that the record in this case will not permit us to hold that Hancock was on probation prior to February 13, 1985. Therefore, an alleged violation of probation in December, 1984 cannot be the basis for reinstating Hancock's ten-year sentence. This conclusion, however, does not end the matter.

The state argues that even if Hancock was not on probation or was not informed of the conditions of probation, he nevertheless was subject to revocation of his suspended sentence. The state points to I.C. § 20–222 which provides in part:

> At any time during probation *or suspension* of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. [Emphasis added.]

We note that I.C. § 19–2602 likewise provides that where a sentence has been suspended the court may issue a bench warrant for a violation of the terms and conditions of probation "or for any other cause satisfactory to the court...." "When the defendant is brought before the court in such case, ... if judgment was originally pronounced but suspended, the original judgment shall be in full force and effect and may be executed according to law...." I.C. § 19–2603.

■ We deem it clear that Hancock's admitted commission of a felony—possession of a dangerous weapon by an inmate—was a "cause satisfactory to the court" for revoking the suspended sentence. Of course, we do not suggest that a judge arbitrarily may revoke a suspended sentence for any reason that pleases him. But we do hold that the judge may act upon violation of a clearly implied condition such as refraining from the commission of a felony. Case law in other jurisdictions supports this holding.

In *State v. Holter*, 340 N.W.2d 691 (S.D. 1983), the court upheld the revocation of the defendant's suspended sentence where the revocation resulted from his conviction for escape, although the original sentencing court had not explicitly told the defendant that he should not violate the law. The court observed that:

> The overwhelming weight of authority is that a fundamental condition of any suspended sentence or probation, whether expressly stated by the sentencing court or not, is that the defendant shall not violate the law.... In addition, common sense indicates that implicit in any suspension of sentence or probation is that defendant should be on good behavior, not violating the law.

*Id.* at 693.

Similar holdings have been reached by several other state courts. *See Jaynes v. State*, 437 N.E.2d 137 (Ind.App.1982); *Wilcox v. State*, 395 So.2d 1054 (Ala.1981); *State v. Hadley*, 114 Ariz. 86, 559 P.2d 206 (Ariz.App.1977); *State v. Chestnut*, 11 Utah 2d 142, 356 P.2d 36 (1960); *Marshall v. Commonwealth*, 202 Va. 217, 116 S.E.2d 270 (1960). In addition, the Oklahoma courts have held that "inherent to a suspended sentence is the condition that the individual whose sentence has been suspended will not commit any felony during the period of suspension." *Cooper v. State*, 599 P.2d 419, 423 (Okla.Crim.App. 1979). *See also Anderson v. State*, 489 P.2d 797 (Okla.Crim.App.1971).

■ As we have previously noted, Hancock also argues that he did not receive written notice of an alleged violation before the hearing at which the violation was admitted. However, in our view, Hancock waived his right to notice when he elected to proceed without an evidentiary hearing or a formal affidavit from the Department of Probation and Parole. By consent, the criminal complaint in the second case served as notice of the violation, in lieu of an affidavit. He admitted the violation as part of a negotiated bargain with the state that resulted in dismissal of the pending felony charge. He chose to offer no defense or protest. Hancock's counsel affirmed his knowledge of the situation.

Hancock may not now claim that the proceedings were defective for lack of notice.

 Hancock asserts as a second major issue that the original sentences imposed for the two counts of aggravated battery were unfair and excessive. However, his attack on the sentences comes too late. Hancock took no timely appeal from the original judgment. Neither did he appeal from the amended judgment, which sets forth the "corrected" sentences. That judgment was signed and entered February 22, 1985. It was a final judgment of conviction and was appealable under Idaho Appellate Rule 11(c)(1) and (6). This instant appeal was taken on May 2, 1985, from the order reimposing the sentences on March 21, 1985. It was taken after forty-two days had elapsed from the amended judgment. An appeal from an "order made after judgment affecting the substantial rights of the defendant" under I.A.R. 11(c)(6) will be deemed to include and present on appeal a final judgment entered prior to the order appealed from only if the time for appeal on that final judgment has not expired. I.A.R. 17(e)(1)(B). Thus, as to the original and amended judgments, the appeal was untimely under I.A.R. 14.

Therefore issues on appeal are now confined to the order reinstating the earlier sentence. We are restricted to a determination of whether the sentence now appears harsh in light of circumstances existing when the court ordered the sentences to be executed. *State v. Tucker*, 103 Idaho 885, 655 P.2d 92 (Ct.App.1982).

Even though the district judge found it necessary to revoke Hancock's "probation," he was not bound simply to reinstate the remainder of the ten-year sentence. Even if this were a probation case, as the district judge viewed it, Idaho Criminal Rule 35 authorized him to "reduce [the] sentence upon revocation of probation as provided by law." However, no motion to reduce the sentence was made under I.C.R. 35. Neither was any suggestion made to the judge that under I.C. § 19–2603 he could choose not to reinstate the full ten-year sentence. The record discloses no facts or circumstances occurring since the date of the original offense which would mitigate against the length of the sentence. On the contrary, the only new facts we are shown are that Hancock had served several months in jail before the prison sentence was reinstated and that while in jail he was found to be in possession of a dangerous weapon. We are provided with no explanation or excuse for Hancock to be in possession of a knife while in jail. In view of the nature and seriousness of Hancock's prior crimes committed with a knife, the jail incident completely justified the action taken by the court. In summary, we hold that the district court did not abuse its discretion in reinstating the remainder of the ten-year indeterminate sentence.

We affirm the order reinstating the sentences.

WALTERS, C.J., and BURNETT, J., concur.