858 P.2d 825

STATE of Idaho, Plaintiff–Respondent,

v.

Michael Travis JOSEPHSON,
Defendant–Appellant.

No. 20049.

Court of Appeals of Idaho.

Aug. 18, 1993.

Robert R. Chastain, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for respondent.

PERRY, Judge.

Michael Josephson appeals from the denial of his I.C.R. 35 motion to correct an illegal sentence. Because he had already served in excess of the maximum term prescribed by I.C. § 18–902 when the judgment and sentences were imposed, he argued that the district court had no authority to order probation. The district court denied his motion, and he appeals. We affirm the order of the district court.

Josephson was charged with aggravated assault stemming from a May 30, 1989, incident where he attempted to run over and violently injure the victim with an automobile. After negotiations with the state, Josephson pled guilty to an amended information reciting two counts of assault, I.C. § 18–901(a), and was sentenced on each count to three months in jail, a $300 fine and 100 hours of community service. The

sentences were to be served consecutively, with credit for time served. The fine and the community service were suspended, and Josephson was placed on probation for a total of four years. Approximately two years after the judgment of conviction, Josephson filed a Rule 35 motion specifically challenging the four-year probationary period as an illegal sentence.

The district court acknowledged that Josephson had served 264 days in jail, 180 of which were credited against his sentence. The court ruled, however, that Josephson could not receive credit for the additional eighty-four days against his fine pursuant to I.C. § 20–624. The court concluded that it could impose probation when the maximum amount of jail time had already been served, and rejected Josephson's argument on his Rule 35 motion that probation in his case was illegal.

■ Pursuant to I.C.R. 35, a court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct.App.1991).

■ Josephson asserts on appeal that I.C. § 18–902 prescribes the maximum punishment for the crime of assault, i.e., imprisonment in the county jail not to exceed three months, a fine not to exceed $300, or both. He argues that probation is an alternative to a jail sentence and is authorized by I.C. § 19–2601 *only* when the court suspends all or part of the jail sentence. However, Josephson's reading of I.C. § 19–2601 is too narrow and fails to appreciate the broad discretion accorded to the sentencing judge. Further, it eliminates probation as a sentencing alternative in cases where the jail time has been served, or where the judge wishes to suspend only a fine, or when no jail term is originally imposed. The term "sentence" or "judgment" is not synonymous with "jail", but includes all sanctions, imposed or suspended, by the court, including fine, community service,

suspension of driving privileges and restitution to victims.

In sentencing a defendant, however, pursuant to I.C. § 19–2601(2) the court may:

> Suspend the execution of the judgment at the time of the judgment or at any time during the term of a sentence in the county jail and place the defendant on probation under such terms and conditions as it deems necessary and expedient[.]

I.C. § 19–2601(6) clearly provides that if the crime involved is a misdemeanor, indictable or otherwise, the court may place the defendant on probation. The sentencing court in its discretion may also order a period of probation on a conviction or plea of guilty for a misdemeanor not to exceed two years. I.C. § 19–2601(7). While we recognize that there was no jail sentence left for the court to suspend in Josephson's case, the court had the power to suspend the execution of the fines and the community service, which were also a part of Josephson's sentence. Although Josephson was released from custody at the time of judgment, he continued to be subject to execution of the fines and the community service in the event he violated the terms of his probation.

We conclude that the probation order pursuant to I.C. § 19–2601 and the maximum sentence imposed under I.C. § 18–902 are not in conflict.

Josephson's claim that I.C. § 20–624 entitles him to credit for time served, thereby satisfying the fines, is without merit. He was not confined in jail for non-payment of any fine, and there had been no finding, upon satisfactory evidence, that Josephson had an inability to pay the fine, as required by the statute. We conclude that Josephson's sentence, including the order imposing probation, is not contrary to law.

■ Josephson raises a second issue on appeal, contending that, in ruling on the Rule 35 motion, the district court should have held invalid the term of probation requiring that he waive his Fourth Amendment right to be free from unreasonable

search and seizure.[1] He argues that he was not advised of this particular term before agreeing to abide by the probation agreement; that the term is arbitrary and unrelated to the purposes of his probation; and, foremost, that such a probation term is only appropriate for persons conditionally released, not persons who have served the entirety of their sentence of incarceration. The Appellant's Brief cites *State v. Russell*, 122 Idaho 515, 835 P.2d 1326 (Ct. App.1991), for interpretation of I.C. § 19–2601(4). However, the Idaho Court of Appeals decision in *Russell* was vacated by the Idaho Supreme Court and the trial court's decision was affirmed, revoking Russell's probation. *State v. Russell*, 122 Idaho 488, 835 P.2d 1299 (1992).

A condition of probation must be reasonably related to the purpose of probation. The court may impose restrictive conditions to foster rehabilitation and to protect public safety. *State v. Gawron*, 112 Idaho 841, 736 P.2d 1295 (1987). The district court in this matter considered the issues of substance dependence and mental health problems to be factors in structuring a proper probation, including a provision for reasonable searches of Josephson's person, residence, vehicle and property. The supervision agreement, signed and initialed by Josephson, sets forth in paragraph 6 that he would be subject to such a search provision.

When an exercise of discretion is reviewed on appeal, the appellate court considers (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the district court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). Here, the district court did not abuse its discretion in fashioning the terms of probation by in-

cluding a waiver of Josephson's Fourth Amendment right. Accordingly, the probation imposed was not amenable to correction under Rule 35 for illegality.

We affirm the district court's order denying Rule 35 relief for an illegal sentence.

WALTERS, C.J., and LANSING, J., concur.

---

1. At the time of the filing of his Rule 35 motion, Josephson had been arrested for a probation violation which eventually led to his being charged with separate drug offenses. (*See* State v. Josephson, Case No. 20240 and State v. Josephson, Case No. 20071 on file in the Supreme Court.) Related in part to his defense of the drug charges, Josephson's Rule 35 motion sought to invalidate the probation, including its terms authorizing the warrantless search of his home where the drugs were found.