128 P.3d 938

**Randy MUCHOW, Plaintiff–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 31948.

Supreme Court of Idaho,
Boise, November 2005 Term.

Jan. 24, 2006.

Thomas A. Sullivan, Canyon County Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. John C. McKinney argued.

TROUT, Justice.

On appeal, Appellant Randy Muchow appeals the district judge's dismissal of his Petition for Post–Conviction Relief.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 18, 1997, Muchow was arrested and charged with felony driving under the influence, which carries a maximum term of imprisonment of five years. Unable to post bond, he remained in physical custody in the Canyon County jail until he pled guilty to the offense and was sentenced on October 7, 1997. The district judge imposed the maximum five-year sentence with two and one-half years fixed, minus the 140 days served between May 18, 1997, and October 7, 1997. The court retained jurisdiction for up to 180 days and sent Muchow to the Nampa Com-

munity Work Center. On April 23, 1998, the district judge suspended Muchow's sentence and placed him on probation for a four-year period to end April 23, 2002.

In April of 2001, Muchow violated his probation and the district judge revoked, reinstated and extended his probation for an additional year beyond the four years that had originally been imposed, changing the end date of his probation from April 23, 2002 to April 23, 2003. In May of 2002, Muchow again violated his probation. On July 25, 2002, the district judge revoked Muchow's probation, granted Muchow's Rule 35 Petition reducing his sentence to four years with one and one-half years fixed and ordered the sentence to be served.

Muchow filed a Petition for Post–Conviction Relief, in which he argued that he is being illegally held because his second probation violation, which resulted in the execution of his sentence, occurred *after* his probationary period should have expired, as he reads I.C. § 20–222. The district judge, relying on I.C. § 20–222 and I.C. § 18–309 summarily dismissed the Petition, concluding that I.C. § 20–222 simply provides that the total period of probation cannot exceed five years in this case, and that Muchow's probation did not exceed that time period. Muchow appealed the dismissal of his Petition and it was assigned to the Court of Appeals. The Court of Appeals, likewise, concluded there was no basis for Muchow's interpretation of I.C. § 20–222 and upheld the district court's denial of post-conviction relief. This Court granted Muchow's Petition for Review.

## II.

## STANDARD OF REVIEW

"Summary dismissal of a petition for post-conviction relief is the procedural equivalent of summary judgment under I.R.C.P. 56." *Rhoades v. State,* 135 Idaho 299, 300, 17 P.3d 243, 245 (2000). On appeal of a summary dismissal of petition for post-conviction relief, appellate courts exercise free review over questions of law. *Id.* "The determination of the meaning of a statute and its application is a matter of law over which this

court exercises free review." *Woodburn v. Manco Prods., Inc.,* 137 Idaho 502, 504, 50 P.3d 997, 999 (2002).

## III.

## ANALYSIS

■ Because Muchow was initially imprisoned on May 18, 1997, he argues that his maximum term of imprisonment, after receiving credit for time served, cannot extend past May 18, 2002. He therefore argues that extending his probation past May 18, 2002, violates I.C. § 20–222, which provides that a "period of probation ... with any extension thereof shall not exceed the maximum period for which the defendant might have been imprisoned." Muchow argues that I.C. § 20–222 is defendant specific and therefore, the phrase "maximum period for which *the* defendant might have been imprisoned" means that his probation could not extend beyond May 18, 2002, because when the district court imposed his sentence, *his* period of maximum imprisonment would have ended May 18, 2002. The district court summarily dismissed Muchow's Petition, holding that I.C. § 20–222 simply provides that Muchow's total period of probation could not exceed five years, the maximum term of imprisonment for felony driving under the influence. Because Muchow's probation period began April 23, 1998, and ended April 23, 2003, the district court held that Muchow's probation did not exceed the maximum five-year period and therefore complied with I.C. § 20–222.

Idaho Code § 20–222 states in pertinent part:

> The period of probation or suspension of sentence may be indeterminate or may be fixed by the court, and may at any time be extended or terminated by the court. Such period with any extension thereof shall not exceed the maximum period for which the defendant might have been imprisoned.

"Where the language of the statute is clear and unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature." *State v. Hart,* 135 Idaho 827, 829, 25 P.3d 850, 852 (2001). "In construing statutes, the plain, obvious and rational meaning is always to be preferred to any curious, narrow hidden sense." *Higgison v. Westegard,* 100 Idaho 687, 691, 604 P.2d 51, 55 (1979).

■ Muchow argues that criminal statutes are to be interpreted in favor of the defendant, if there is any question about meaning. However, Idaho Code § 20–222 is clear on its face. The term "maximum period for which the defendant might have been imprisoned" simply means the total number of days *a* defendant may be placed in physical custody for a particular crime. In accordance with the plain meaning of the statute, here, the maximum imprisonment term for felony driving under the influence is five years. Therefore, Muchow could be placed on probation for a period not exceeding five years.

■ Muchow correctly points out that I.C. § 18–309 governs credit for time served and provides that a defendant will receive credit against prison time for time served in physical custody awaiting sentencing after his arrest:

> In computing the term of imprisonment, the person against whom the judgment was entered *shall receive credit in the judgment for any period of incarceration* prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

I.C. § 18–309 (emphasis added). That statute does not, however, say anything about a defendant receiving credit against the probationary period for time served in jail. In fact, I.C. § 18–309 very clearly talks *only* about calculating credit against the term of imprisonment.

■ Moreover, probation commences when the district court announces the terms of probation, not when the defendant is arrested. *State v. Russell,* 122 Idaho 515, 518,

835 P.2d 1326, 1328 (Ct.App.1991), *vacated on other grounds by State v. Russell*, 122 Idaho 488, 835 P.2d 1299 (1992). Here, Muchow's probationary period commenced on April 23, 1998, when the district judge initially placed Muchow on probation. At that time, Muchow could not have been placed on probation for longer than five years. Here, Muchow's probationary period ended April 23, 2003, and as Defendant's attorney conceded at oral argument, there is no question that Muchow's probation did not exceed five years. Therefore, there was no violation of I.C. § 20–222.

### IV.

### CONCLUSION

This Court affirms the district judge's dismissal of Muchow's Petition for Post–Conviction Relief.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.