IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46793

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | Filed: May 8, 2020 |
| Plaintiff-Respondent, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| MATTHEW LEE ERICKSON, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven Hippler, District Judge.

Order denying Idaho Criminal Rule 35(a) motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.
_____

BRAILSFORD, Judge

Matthew Lee Erickson appeals from the denial of his motion to correct an illegal sentence under Idaho Criminal Rule 35(a). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In December 2014, the State charged Erickson with felony operating a motor vehicle while under the influence of alcohol (DUI). Idaho Code §§ 18-8004, 18-8005(9). In November 2015, Erickson pled guilty, and in January 2016, the district court entered a judgment of conviction and sentenced Erickson to ten years with four years determinate to run concurrently with Erickson's sentence in a prior criminal case. Additionally, the district court suspended Erickson's driver's license for a period of five years under I.C. § 18-8005(6)(d) (2014), which was in effect at the time of Erickson's charged conduct. The judgment states:

1

[Erickson's] driver's license or permit is suspended for a period of five (5) years pursuant to I.C. § 18-8005, during which time [Erickson] shall have no driving privileges, to commence on the date of [Erickson's] release from incarceration, or upon conclusion of any other current driver's license suspension.

Erickson neither directly appealed his conviction or sentence nor filed a petition for post-conviction relief.

In August 2018 Erickson, proceeding pro se, filed several motions, including a motion under Idaho Criminal Rule 35(a). Erickson's Rule 35(a) motion challenged the district court's suspension of his driver's license. In December 2018, the court denied Erickson's motions. Erickson timely appeals the court's denial of his Rule 35(a) motion.

## II.

## ANALYSIS

Erickson asserts the district court imposed an illegal sentence when suspending his license. In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record; i.e., resolving the issue does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *Clements*, 148 Idaho at 86, 218 P.3d at 1147; *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147; *see also State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015) ("Rule 35's purpose is to allow courts to correct illegal sentences, *not* to reexamine errors occurring at trial or before the imposition of the sentence."). Whether the district court imposed an illegal sentence is a question of law this Court freely reviews. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

Mindful of *Clements* and other binding authorities, Erickson argues his sentence is illegal based on the fact that his driver's license is currently suspended while he is incarcerated. According to Erickson, this suspension during incarceration coupled with his driver's license suspension for five years commencing after his release from incarceration exceeds the statutory

2

maximum sentence under I.C. § 18-8005(6)(d). In other words, Erickson contends that because he has no driving privileges while he is incarcerated, his license suspension commenced upon his incarceration, and suspending his license for five years after his release would violate the statutory maximum suspension allowed under I.C. § 18-8005(6)(d).[1]

We disagree. The plain language of I.C. § 18-8005(6)(d) provides a defendant "[s]hall have his driving privileges suspended by the court . . . *after release from imprisonment*." (Emphasis added). Accordingly, Erickson's license suspension begins after his release from incarceration. As a result, his driver's license suspension while incarcerated does not violate the statutory maximum suspension under I.C. § 18-8005(6)(d). As the district court noted, Erickson's suspension of his license while incarcerated is likely pursuant to I.C. § 18-8005(6)(c), which requires a repeat felony DUI offender, like Erickson, to "surrender his driver's license or permit to the court" upon conviction. The record, however, does not indicate why Erickson's license is presently suspended while he is incarcerated.

On appeal, Erickson references his contentions that the suspension of his driver's license while incarcerated violates his rights to equal protection, due process, and to be free from double jeopardy and that his guilty plea was not voluntary, knowing, and intelligent. Erickson, however, has provided no authority or argument to support these contentions. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) ("A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking.") Accordingly, we decline to address these issues.

### III.
### CONCLUSION

The district court properly concluded Erickson's sentence is not illegal. Accordingly, the court's order denying Erickson's Rule 35(a) motion is affirmed.

Judge GRATTON and Judge LORELLO **CONCUR**.

---

[1] We note that the Idaho Legislature amended I.C. § 18-8005(6)(d) effective July 1, 2015, to reduce the maximum allowed driver's license suspension from five years to four years. We do not understand Erickson's argument, however, to be that the district court relied on the incorrect version of I.C. § 18-8005 when sentencing him.