## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 49815

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JOSHUA HUNTER MERCURE,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: September 15, 2023

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Order denying I.C.R. 35 motion for correction or reduction of sentence, <u>affirmed</u>; order denying motion for expungement of record and reimbursement of probation fees, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

Joshua Hunter Mercure appeals from orders of the district court denying his I.C.R. 35 motion for correction or reduction of sentence and his motion for expungement of record and reimbursement of probation fees. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Mercure was charged with committing lewd and lascivious acts with a minor under sixteen years of age. Pursuant to a plea agreement, Mercure pled guilty to an amended charge of battery with intent to commit a serious felony. I.C. § 18-903(b) and I.C. § 18-911. Mercure was sentenced to a unified term of ten years, with a minimum period of confinement of three years. His sentence was suspended, and he was placed on probation for ten years.

1

Mercure thereafter admitted to violating the terms of his probation. Accordingly, the district court revoked Mercure's probation, ordered execution of his original sentence, and retained jurisdiction for 365 days. Following completion of the period of retained jurisdiction, the district court suspended Mercure's sentence and placed him back on probation. Thereafter, Mercure again admitted to violating his probation. The district court revoked probation and ordered execution of Mercure's original sentence. Mercure filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. Thereafter, Mercure filed another I.C.R. 35 motion for correction or reduction of sentence and claimed the imposed sentence is illegal. Finally, Mercure filed a motion to expunge his record and to reimburse his probation fees. The district court denied Mercure's motions and he appeals.

## II.

## ANALYSIS

### A. Idaho Criminal Rule 35 Motion for Correction or Reduction of Sentence

#### 1. Illegal sentence

Mercure argues that his sentence is illegal. Pursuant to I.C.R. 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under I.C.R. 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993). In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

Mercure argues that his sentence is illegal because the State falsified information provided by the psychological evaluation report; his trial counsel did not address issues that were incorrect,

2

did not provide him with paperwork about his charges, and did not allow his written statement concerning his probations officer's intentions; and he should be released from incarceration due to family matters. These issues all involve significant questions of fact. The district court did not err in denying Mercure's motion to correct an illegal sentence.

### 2. Reduction of sentence

Mercure also argues that the district court erred in denying his motion for reduction of sentence. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

Idaho Criminal Rule 35(b) permits the filing of one motion to correct or reduce a sentence. The "one motion limit is a procedural limit on the district court's authority . . . to entertain successive motions to reduce a defendant's sentence. *State v. Brown*, 170 Idaho 439, 446, 511 P.3d 859, 866 (2022). Mercure's Rule 35 motion for reduction of his sentence was filed after his original Rule 35 motion was denied by the district court. Because this motion was the second Rule 35(b) motion filed in this case, it is a successive motion and the district court did not abuse its discretion by declining to consider it.

### B. Motion for Expungement of Record and Reimbursement of Probation Fees

Mindful of expungement and reimbursement of fees being unavailable in his situation, Mercure moved for his record to be expunged for "employment, living location[,] and travel"; to have all of his rights reinstated; and to be removed from "Idaho State Registry and any[] resident rehabilitation facilit[ies] within the State of Idaho." Mercure also sought "to have any or all reimbursements from the department of corrections probation/parole and all or any from the district court of Canyon County for court costs, restitution, [and] fees" along with the return of "paperwork in response to any or all rights" including the right to "bear arms [and] right to vote."

An application for expungement may be made by those who are guilty or have pled guilty to a crime and whose sentence has been suspended or who have received a withheld judgment. I.C. § 19-2604(1)(a)(i). However, the statute does not apply if the trial court finds, or the defendant admits, that the defendant "violated any terms of any probation that may have been imposed." I.C. § 19-2604(1)(b). Mercure admitted to violating the terms of his probation in 2019 and then was found to have violated the terms of probation in 2022. Therefore, Mercure is not eligible for expungement.

Finally, Mercure sought reimbursement of his probation fees. Mercure provided no legal authority for his request either in the district court or on appeal. Because Mercure did not demonstrate that he was entitled to relief, the district court did not err when it denied this motion.

## III.

## CONCLUSION

Mercure has failed to show that the district court abused its discretion by denying his motion for correction of an illegal sentence and denying consideration of a successive Rule 35 motion. Mercure has failed to show that the district court erred when denying his motions for expungement and reimbursement of fees. Therefore, the district court's orders denying Mercure's motions are affirmed.

Chief Judge LORELLO and Judge GRATTON, **CONCUR**.