**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49725**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 29, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SUZANA MARIE CONNOR, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence, <u>affirmed</u>.

Nevin, Benjamin & McKay, LLP; Dennis Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Suzana Marie Connor appeals from an order of the district court denying her I.C.R. 35 motion for correction of an illegal sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2012, Connor was arrested and charged with felony driving under the influence (DUI). I.C. §§ 18-8004 and 18-8005(9). Connor pled not guilty and the district court scheduled a jury trial. However, prior to trial, Connor absconded. More than six years later, Connor was arrested in Oregon and extradited to Idaho. After returning to Idaho, Connor entered a conditional guilty plea to felony DUI, and the district court sentenced Connor to a unified term of ten years, with a minimum period of confinement of two and one-half years. Thereafter, Connor filed a Rule 35 motion alleging her sentence is excessive and requesting a reduction of her sentence, which the

1

district court denied. Connor appealed to this Court, which affirmed in an unpublished opinion. *See State v. Connor*, Docket No. 47006 (Ct. App. May 22, 2020).

Following her appeal, Connor filed a litany of pro se motions, including a second Rule 35 motion alleging her sentence is illegal. Among other claims, Connor argued her sentence is illegal because the district court lacked the authority to order her to provide a DNA sample. The district court denied Connor's second Rule 35 motion after it concluded that the "requirement to provide a DNA sample/thumbprint were not in error and are, in fact, required for the Court to impose pursuant to Idaho Law." Connor appeals.

## II.

## STANDARD OF REVIEW

In an appeal from the denial of a motion under I.C.R. 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

## III.

## ANALYSIS

Connor argues the district court erred by denying her I.C.R. 35 motion. Specifically, Connor contends the DNA collection portion of her sentence is illegal because it violated her Fourth Amendment rights due to the absence of a warrant or an exception to the warrant requirement based on a "special needs" balancing test. The State responds that Connor's Fourth Amendment arguments are not preserved for appeal. Alternatively, the State asserts that, even if preserved, Rule 35 is not the appropriate vehicle for Connor's fact-intensive argument. We hold that Connor's Fourth Amendment arguments are not preserved and that, even if preserved, her alleged Fourth Amendment violation is not the proper subject of a Rule 35 motion.

### A. Preservation

As a preliminary matter, we address the State's preservation argument. The State contends that Connor's Fourth Amendment argument is not preserved for appeal because the argument was not raised below; Connor did not respond to the State's preservation argument. Connor's Fourth Amendment challenge is not preserved.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). In her Rule 35 motion, Connor did not

2

argue that collection of her DNA and thumbprint impression constitutes an unreasonable search under the Fourth Amendment. Instead, Connor argued that, since Senate Bill 1067 (the bill authorizing DNA collection for convicted felons in the State of Idaho) was not effective until a year after her arrest, the district court "lack[ed] subject matter jurisdiction" to impose such a requirement as part of her sentence. While Connor's Rule 35 motion includes an assertion that a violation of her Fourth Amendment rights occurred when the district court ordered her DNA to be collected, she did not support that assertion with either authority or argument. Connor's passing reference to the Fourth Amendment in her Rule 35 motion without explaining the basis of her Fourth Amendment claim was insufficient to preserve the issue for appeal. *See State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (explaining that appellate court review is limited to the evidence, theories, and arguments that were presented below); *see also State v. Wolfe*, 165 Idaho 338, 342, 445 P.3d 147, 151 (2019) (noting that "simply stating the name of a case and a general proposition therefrom is not enough to raise every specific theory or principle of law within it").

Connor's reference to the Fourth Amendment violation within a claim that the district court lacked subject matter jurisdiction is insufficient to preserve the Fourth Amendment arguments raised for the first time in this Court. Accordingly, Connor's Fourth Amendment arguments are not preserved.

**B.**   **Rule 35**

Even if Connor's Fourth Amendment challenge to the post-conviction collection of her DNA is preserved for appeal, Rule 35 is not the appropriate vehicle for her argument. A motion to correct an illegal sentence may be brought at any time. I.C.R. 35(a). However, Rule 35(a) is a narrow rule, and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35(a) should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). In the context of Rule 35(a), the term "illegal sentence" is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009). The purpose of Rule 35(a) is to allow courts to correct illegal sentences, not to reexamine alleged errors occurring at trial or before the imposition of sentence. *State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015). Therefore, Rule 35(a) only applies to

3

a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

As noted, in the district court Connor argued that her sentence is illegal because the district court did not have "subject matter jurisdiction" to order collection of her DNA. The district court denied Connor's Rule 35 motion because the "requirement to provide a DNA sample/thumbprint were not in error and [were], in fact, required for the [c]ourt to impose pursuant to Idaho Law. I.C. §§ 18-8005, 18-309." On appeal, Connor argues the district court erred, claiming her "sentence is illegal because the ordered intrusion into [her] person and the seizure of her bodily fluids to obtain a DNA sample implicated her Fourth Amendment right to be secure in her person and was unreasonable." However, resolving Connor's Fourth Amendment arguments requires significant factual findings that cannot be determined from the face of the judgment--i.e., whether a search occurred, whether a search was unreasonable, or whether an exception to the warrant requirement applied. *See Miller v. Idaho State Patrol*, 150 Idaho 856, 865, 252 P.3d 1274, 1283 (2011) (holding that "determining whether a bodily intrusion was unreasonable is a particularly fact-sensitive inquiry"). Such an inquiry exceeds the scope of a trial court's authority under Rule 35. *See Clements*, 148 Idaho at 87, 218 P.3d at 1148. Consequently, Connor has failed to show that the district court erred in denying her Rule 35 motion.

## IV.

## CONCLUSION

Connor's Fourth Amendment arguments are not preserved and, even if preserved, they are not properly resolved in the context of a Rule 35 motion. Consequently, Connor has failed to show error in the denial of her motion, and the district court's order denying her Rule 35 motion is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

4