# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50351

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 15, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| HECTOR MANUEL RODRIGUEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Hector Manuel Rodriguez appeals from the district court's order denying his I.C.R. 35 motion for correction of an illegal sentence. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009, Rodriguez pled guilty to felony eluding a peace officer, I.C. § 49-1404(2), and admitted to being a persistent violator, I.C. § 19-2514. The district court sentenced Rodriguez to a unified term of twenty years, with a minimum period of confinement of ten years, to run consecutively to other unrelated sentences. Rodriguez had previously been sentenced in two other Ada County cases--both of which were concurrent unified ten-year terms, with minimum periods of confinement of two years. Rodriguez had also been sentenced in a Canyon County case to a

1

unified term of seven years, with a minimum period of confinement of three years, to run concurrently with the Ada County cases.

In October 2012, the district court in Canyon County granted a motion for credit for time served after finding that Rodriguez was not properly served with a warrant after he was taken into custody. In December 2017, Rodriguez filed a motion for credit for time served in this case. The district court granted Rodriguez's motion, finding that he was due additional credit for time served from his initial arrest up to the time the case was dismissed and refiled. In October 2022, Rodriguez filed an I.C.R 35(a) motion in this case requesting that, based on the additional credit for time served ordered in the Canyon County case, the district court "correct" his sentence to "reflect the correct time" that he had served.[1] The district court denied the motion and denied a subsequent motion for reconsideration. Rodriguez appeals.

## II.

## STANDARD OF REVIEW

In an appeal from the denial of a motion under I.C.R. 35(a) to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

## III.

## ANALYSIS

Rodriguez acknowledges that Rule 35(a) does not "permit the district court to engage in a fact-finding analysis to determine whether a sentence is unlawful." Rodriguez further acknowledges that "claims that the Department of Correction is mismanaging the interplay of consecutive sentences are properly raised in habeas proceedings." Nevertheless, Rodriguez contends that the district court erred in denying his Rule 35(a) motion to correct his sentence. Specifically, Rodriguez argues that, in light of the credit for time served awarded in his Canyon County case, the sentence in this case is illegal and application of additional credit for time served would resolve that illegality.

---

[1] Rodgriguez's motion to correct an illegal sentence and subsequent motion to reconsider were filed in all three of his Ada County cases. However, Rodriguez concedes that the notice of appeal is only applicable to this case.

A motion to correct an illegal sentence may be filed at any time. I.C.R. 35(a). However, Rule 35(a) is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35(a) is limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). In the context of I.C.R. 35(a), the term "illegal sentence" is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009). Therefore, Rule 35(a) "only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law." *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

Rodriguez's conclusory assertion that, "in light of the credit awarded in the Canyon County case, the sentence in [this] case is unlawful" is not supported by any relevant legal authority or cogent argument. As a result, Rodriguez has waived his argument on appeal. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding that a party waives an issue on appeal if either authority or argument is lacking). Moreover, the record supports the district court's conclusion that Rodriguez's sentence is not illegal under Rule 35(a). Therefore, Rodriguez has failed to show that the district court abused its discretion by denying his Rule 35(a) motion.

## IV.

## CONCLUSION

Rodriguez has failed to show that the district court erred in denying his Rule 35(a) motion to correct an illegal sentence. Accordingly, the district court's order denying Rodriguez's Rule 35(a) motion is affirmed.

Chief Judge GRATTON and Judge Pro Tem MELANSON, **CONCUR**.