811 P.2d 495

Douglas G. HOUSLEY,
Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 17339.

Court of Appeals of Idaho.

April 30, 1991.

Rehearing Denied April 30, 1991.

Petition for Review Denied
June 25, 1991.

Douglas R. Whipple, Burley, for petitioner-appellant.

Jim Jones, Atty. Gen. and Jack B. Haycock, Deputy Atty. Gen., for respondent.

## SUBSTITUTE OPINION ON DENIAL OF PETITION FOR REHEARING

The Court's prior opinion dated September 1, 1989, is hereby withdrawn.

SWANSTROM, Judge.

The principal issue we address in this opinion is whether all proceedings brought by a convicted felon to gain relief from a judgment of conviction were barred by applicable statutes of limitation. Holding that one motion filed by Douglas Housley for expungement of his felony conviction was timely, we remand for further proceedings on that motion; otherwise, we affirm the orders dismissing Housley's petition for post-conviction relief.

In 1974, in Cassia County Criminal Case No. 1264, Douglas Housley pled guilty to possession of more than three ounces of marijuana, a felony under I.C. § 37–2732(e). The state dismissed a second count of possession charged in the Information. Housley was sentenced to an indeterminate term not to exceed four years imprisonment but the court retained jurisdiction. After Housley served approximately six months, the balance of the sentence was suspended and he was placed on probation for two years. Housley was released from probation supervision in 1976.

Housley has alleged in a petition for post-conviction relief that before he entered a guilty plea he was assured that his conviction would be set aside eventually if he successfully completed probation. He further alleged that although he did successfully complete probation, the conviction remained a matter of court record. His petition also stated that he "is presently serving a federal sentence on unrelated charges and the conviction under attack herein is being used adversely against this petitioner."

At the time Housley pled guilty in 1974, I.C. § 19–2604(2) provided:

If sentence has been imposed but suspended during the first one hundred and twenty (120) days of a sentence to the custody of the state board of correction, and the defendant placed upon probation as provided in 4 of section 19–2601, Idaho Code, upon application of the defendant, the prosecuting attorney, or upon the court's own motion, and upon satisfactory showing that the defendant has at all times complied with the terms and conditions of his probation, the court

may amend the judgment of conviction from a term in the custody of the state board of correction to "confinement in a penal facility" for the number of days served prior to suspension, and the amended judgment may be deemed to be a misdemeanor conviction.

Housley was placed on probation on March 3, 1975, for a term of two years. Before Housley's two-year probation term expired, his probation officer filed a report with the court showing that Housley had "maintained steady employment, and has abided by the court order as well as the ... Agreement of Probation." The probation officer recommended that Housley "be discharged from further probation supervision." Included on the form was a proposed order which contained the language: "IT IS HEREBY ORDERED AND THIS DOES ORDER THAT [Housley] be discharged from further probation supervision." The sentencing judge signed this order on June 30, 1976.

We construe this document to mean that while Housley was released from supervision on June 30, 1976, he remained on *unsupervised* probation until March 3, 1977, when the two-year probation term expired. While this interpretation of the order is an experienced-based assumption, its importance to this case is only that it delayed the time when any applicable statute of limitation would start to run.

We do not know whether Housley was entitled to have the judgment of conviction amended under former I.C. § 19–2604(2) to show that he had only a misdemeanor conviction. However, because of the manner in which the issue is presented to us, we must assume that his allegation is true and that he would have been entitled to this relief when and if he made a proper application for it. We note only that ordinarily the sentencing judge would have discretion to grant or deny the application, because the statute provides: "the court *may* amend the judgment of conviction...." (Emphasis added.)

While Housley has argued that the state failed to comply with promises made to him in a plea agreement, resulting in an invalid and unconstitutional guilty plea, which must be set aside because of the ongoing collateral consequences, the record does not support this position. Rather, taken in the light most favorably to Housley, the record shows that following his release from probation, he had the right to apply to the district court under I.C. § 19–2604(2) to have his judgment of conviction amended to reduce the felony conviction to a misdemeanor.

Apparently, for ten years following Housley's release from probation supervision, he did not suffer any serious collateral consequences as a result of his 1974 felony conviction in Cassia County Case No. 1264. However, in 1986, he evidently was charged with being a felon in possession of a firearm. Although the record provides no details, it indicates that Housley was incarcerated at Carson City, Nevada, as a result of this charge. While there he sent a hand-written "motion for the expungement of criminal record" to the district court in Cassia County, Idaho, where the motion was filed in Criminal Case No. 1264. In this unverified motion, Housley asserted that he had not had any other felony conviction in the intervening twelve years since 1974. He related that while he was outside the State of Idaho, he had called the Clerk of the District Court in Cassia County, three times, inquiring about expungement of his felony conviction. He stated he was told the "situation would be handled by referring the matter to the public defender to be handled by motion before the court." However, nothing was done. Housley's motion was obviously intended to have his judgment of conviction amended under the provisions of I.C. § 19–2604(2) so that his felony conviction for possession of marijuana would be reduced to a misdemeanor. However, as far as the record on appeal shows, no action was ever taken by the district court on this motion.

On December 31, 1986, while incarcerated at a federal penitentiary in Indiana, Housley filed a petition for a writ of habeas corpus in Cassia County, Idaho. The petition alleged that Housley's 1974 conviction was illegal due to the sentencing

court's lack of jurisdiction, the state's failure to fulfill the terms of Housley's plea agreement, and ineffective assistance by Housley's counsel. The district court dismissed Housley's petition without prejudice, apparently for the reason that Housley was not within the state, nor was he within the custody or control of any Idaho agency or officer. The dismissal order allowed Housley to file a petition for post-conviction relief, *nunc pro tunc* as of December 31, 1986. Housley did not appeal from this order but instead refiled his action as a petition for post-conviction relief. Later, after a hearing, the district court also dismissed this petition, ruling that the action was barred by a statute of limitation on post-conviction relief actions. Housley then brought this appeal.

Subsequently, an order was entered by the Supreme Court suspending this appeal because Housley had filed a motion under I.C.R. 35 in Criminal Case No. 1264 for correction of his "illegal" sentence. Basically, Housley sought the same relief by that motion as he had in his petition for post-conviction relief. The district court heard counsels' oral arguments on August 26, 1988, and denied the motion. The court ruled that Housley's sentence was not illegal and that Housley's Rule 35 motion was untimely. Housley challenges this order also. Thus, of the four attempts made by Housley to gain relief from his 1974 felony conviction, no action was taken on one and the other three were dismissed.

## I

We will first address whether the district court was correct in dismissing Housley's petition for post-conviction relief on the ground that it was not filed within the time permitted by the applicable statute of limitation. The district court determined that the time between the filing of Housley's judgment of conviction and his petition was twelve years. The court then looked to the five-year statute of limitation for post-conviction relief under I.C. § 19-4902. The court noted, however, that this statute did not contain any limitation period at the time of Housley's conviction.

Accordingly, the court turned to a general civil action statute of limitation of four years under I.C. § 5-224.

In *Mellinger v. State,* 113 Idaho 31, 740 P.2d 73 (Ct.App.1987), this Court held that the five-year limitation period added to I.C. § 19-4902 by an amendment to the statute in 1979 is applicable to cases where convictions were entered prior to the amendment. In such cases, the limitation period began to run on July 1, 1979, the effective date of the amendment. The district court's adoption of a shorter statute of limitation period under I.C. § 5-224, however, did not prejudice Housley. His petition was filed beyond either limitation period.

Housley argues the district court erred by failing to recognize a "discovery" exception in the applicable statute of limitation. Housley contends that he did not learn of the facts constituting his grounds for relief until after the statutory time for filing had expired and that the period should not begin to run until he possessed this knowledge. In support, Housley cites the decision of a Washington federal district court, *Hirabayashi v. United States,* 627 F.Supp. 1445, 1447 (W.D.Wash.1986), *affirmed in part* and *reversed in part,* 828 F.2d 591 (9th Cir.1987), and the Montana case of *State v. Perry,* 232 Mont. 455, 758 P.2d 268 (1988).

The argument that there should be a discovery exception to I.C. § 19-4902 may have merit in some cases. *See, e.g., Stuart v. State,* 118 Idaho 932, 801 P.2d 1283 (1990). We need not decide that issue in this appeal, however. We are not persuaded that the allegations on which Housley relies provide any basis for applying such an exception in this case.

For example, Housley alleges that he only recently learned there were two charges pending against him in the 1974 criminal case in Cassia County because his attorney never advised him of this fact. These allegations, made in connection with Housley's "ineffective counsel" claim, are shown by the record not to be true. As we have noted, both charges were set forth in the Information. Housley was informed of both charges when he was arraigned. He

was present in court when one count was dismissed following his plea to the other count.

■ The remaining allegations in Housley's petition raise no genuine "discovery" issues. They require no discussion here, with one exception in which Housley has alleged a "jurisdictional" defect. Housley argues that the crime to which he pled guilty occurred in Cassia County, yet his conviction took place in Minidoka County. He asserts that this was in violation of I.C.R. 19 which states that the prosecution of an offense "shall be had in the county in which the alleged offense was committed." Idaho Criminal Rule 20 provides that a defendant may enter a guilty plea in a county different from that where the crime occurred, but only if the defendant consents to such disposition of his case in writing.

Housley has not persuaded us that he is entitled to any relief because of the perceived "jurisdictional" defect. Under *State v. Pyne*, 105 Idaho 427, 670 P.2d 528 (1983), a jurisdictional defect exists where the alleged facts show on their face that the court has no jurisdiction over the offense charged or the allegations fail to show that the offense charged was committed within the geographical jurisdiction of the court. The crime to which Housley pled guilty occurred in Cassia County. The record shows that a criminal complaint was filed against Housley in Cassia County, that a preliminary hearing was conducted by a Cassia County magistrate, that Housley was arraigned in the District Court for Cassia County by a district judge of the Fifth Judicial District, and that he entered a plea of guilty in Cassia County. The state concedes that the sentencing hearing and oral pronouncement of sentence occurred in Minidoka County, also in the Fifth Judicial District. The same district judge presided. The judgment was entered in Cassia County, as was the subsequent order placing Housley on probation. Upon this record we hold that I.C.R. 20 is inapposite, and that there has been substantial compliance with the requirement of I.C.R. 19 that the "prosecution shall be had in the county in which the alleged offense was committed." Consequently, we need not decide in this case whether a violation of either of these rules would create a jurisdictional defect cognizable in subsequent post-conviction proceedings. We conclude that the district judge did not err in dismissing Housley's petition for post-conviction relief because it was untimely.

## II

■ We also conclude that the district court properly dismissed the motion, filed by Housley while this appeal was pending, for correction of an allegedly illegal sentence. Where such a motion is brought to correct an "illegal sentence," the court may grant the appropriate relief "at any time." I.C.R. 35. Housley's sentence was not "illegal" when pronounced, nor did it become so later. Absent the factor of an illegal sentence, I.C.R. 35 allows only 120 days to file a motion for reduction of a sentence. Housley's Rule 35 motion raised the identical issues he had presented in his writ for habeas corpus and in his petition for post-conviction relief. Housley's premise for this particular motion is that if his conviction is illegal his sentence must be illegal. Therefore, to "correct" his illegal sentence he must be permitted to attack his conviction along with his sentence. These allegations, attacking the validity of Housley's conviction, are beyond the scope of a Rule 35 motion. Other remedies, such as appeal or a petition for post-conviction relief, are available to set aside a wrongful conviction. The Rule 35 motion serves a narrower purpose. It subjects only the sentence to re-examination. Moreover, as we have held, the conviction was not subject to any jurisdictional defect. The district court properly denied the Rule 35 motion. Accordingly, we affirm the order of the district court dismissing Housley's Rule 35 motion.

## III

■ We turn now to the question whether Housley's "motion for expungement of criminal record" was untimely. The Idaho criminal statutes do not state any limitation period within which a defendant must file

his motion and affidavit under I.C. § 19–2604(2) to amend a judgment of conviction in order to eliminate the record of a felony conviction. This statute creates a special procedure whereby a successful probationer who has been convicted of a felony can request the district court to amend the judgment so that the harsh consequences of a felony conviction can be avoided. The procedure might best be described as a statutory partial expungement. The question then is what, if any, statute of limitation applies. It is apparent from the language of I.C.R. 35 that its 120–day limitation period is not intended to apply to this statutory procedure. Nor are we convinced that the five-year limitation period, now set by I.C. § 19–4902, for filing petitions for post-conviction relief should be applied. That section states:

> An application may be filed at any time within five (5) years from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later.

Under this statute, in some cases it would be possible for the appeal time to commence running five years or more before a defendant's probationary period expires. In such cases, a person who might be entitled to seek amendment of his judgment of conviction under I.C. § 19–2604 would be barred by I.C. § 19–4902 from filing his motion even before he was entitled to file it. Accordingly, we are not persuaded that the five-year limitation period of I.C. § 19–4902 should apply.

We conclude that unless the state can show that it has been caused substantial prejudice by Housley's delay of ten years in filing his motion under I.C. § 19–2604, the motion must be considered timely. Here, we assume that transcripts of the plea and sentencing hearings will still be available to the district court for ruling on the merits of Housley's motion. Housley contends that he was expressly promised that he would have no felony conviction if he were successful on probation. The court may ·determine this factual issue from the record of the proceedings. Housley will have the burden of persuasion on

this issue. If such promises were not made to Housley at the time of his plea or sentencing, then the granting or denial of Housley's motion would rest in the sound discretion of the district court. Moreover, the judge's decision to grant or deny the motion could be made in light of events occurring *after* the end of Housley's probationary period as well as before.

In summary, because we cannot say that Housley's motion under I.C. § 19–2604 was untimely under any applicable statute of limitation, we remand the case to the district court to determine the merits of the motion for expungement after obtaining a transcript of the plea and sentencing hearings conducted on September 17 and October 21, 1974. As to the other grounds for relief from the judgment of conviction urged by Housley in this appeal, we affirm the orders of district court, as discussed in this opinion.

WALTERS, C.J., and SILAK, J., concur.