950 P.2d 1302

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Brian C. McDONALD, Defendant–Appellant.**

No. 23776.

Court of Appeals of Idaho.

Dec. 31, 1997.

Review Denied Feb. 13, 1998.

---

Brian C. McDonald, Boise, pro se appellant.

Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent.

PER CURIAM.

Brian C. McDonald appeals from the district court's summary denial of his pro se I.C.R. 35 motion to correct an illegal sentence. In 1995, the defendant was sentenced to serve a fixed term of five years for felony driving under the influence of alcohol, I.C. § § 18–8004, 18–8005(7). Thereafter, he appealed this sentence, together with another sentence on a related charge. This Court affirmed the judgments of conviction and fixed five-year consecutive sentences in an unpublished opinion. *State v. McDonald,* Docket No. 21959 (Ct.App. February 7, 1996).

On December 18, 1996, McDonald filed his motion to correct an "illegal sentence" pursuant to I.C.R. 35. The motion alleged he "should not have been charged and sentenced in this matter with a felony DUI offense," but rather he "should have been charged and sentenced under the provisions for the misdemeanor first offense driving under the influence," since the instant offense was the defendant's first DUI offense in over five years. The district court summarily denied this motion on March 21, 1997, and McDonald filed a timely appeal.

On appeal, McDonald claims that his felony *sentence* for DUI is *illegal* because he never should have been charged with or convicted of a felony DUI in the first place. From a reading of his brief,[1] McDonald challenges the legality of the state's decision to charge him with a felony DUI under I.C. § 18–8005(7). In 1992, the Idaho legislature amended and revised the law to provide that a person who has pled guilty or has been found guilty of a felony violation of the DUI law, *and within ten (10) years* pleads guilty or is found guilty of a further violation of the DUI law, shall now be guilty of a felony. 1992 Idaho Sess. Laws, ch. 139, p. 431. McDonald's argument is based upon the premise that since his prior DUI felony conviction was imposed in 1989, he is now being punished in the instant case for an offense that took place prior to the enactment of the amendment; that the prior felony charge and conviction arose more than five years prior to the instant offense; and that he had not been convicted of two prior misdemeanor DUI offenses within the previous five years of the instant offense.

---

1. We have no idea whether or not McDonald accompanied his motion in the district court with a similar brief in order to enlighten the district judge on the thrust of his motion.

■ We conclude that the district court properly denied McDonald's motion. McDonald was charged with and pled guilty to a felony DUI in 1995. His sentence was not "illegal" when pronounced nor did it become so later. The district court had jurisdiction over the defendant and the offense, and there was no jurisdictional defect shown on the face of the charge at the time of the plea.[2] Rather, McDonald's premise for his Rule 35 motion is that if his conviction is illegal, his sentence must be illegal. Therefore, to *correct* his illegal sentence he must be permitted to attack his conviction along with his sentence. *See and compare Housley v. State,* 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct.App.1991).

■ We find that McDonald's allegations fall squarely within the jurisdiction and remedies provided under the Idaho Uniform Post–Conviction Procedure Act, I.C. § 19–4901, etc.[3] The Rule 35 motion serves a much narrower purpose. It subjects only the sentence to re-examination. It cannot be used as the procedural mechanism to attack the validity of the underlying conviction. *Housley, Id.*

Accordingly, the district court acted properly in denying McDonald's Rule 35 motion and we affirm that order, but without prejudice to McDonald's right to reassert the issues raised in the form of a petition under the UPCPA.

■

2. The information charged McDonald with driving under the influence of alcohol, on or about November 20, 1994, "while having pled guilty to or having been found guilty of a prior felony conviction within the previous ten years."

3. We voice no opinion whatsoever on the merits of McDonald's legal arguments.