**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39868**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 393 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 8, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBERTO CUEVAS-HERNANDEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order denying Rule 35 motion, <u>affirmed</u>.

Roberto Cuevas-Hernandez, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Roberto Cuevas-Hernandez appeals from the district court's denial of his motion to correct an illegal sentence. For the reasons set forth below, we affirm.

**I.**

**BACKGROUND**

In January 2003, following a jury trial, Cuevas-Hernandez was convicted of two counts of trafficking in cocaine, Idaho Code § 37-2732B(a)(2), and two counts of trafficking in methamphetamine, I.C. § 37-2732B(a)(4). The district court imposed consecutive unified sentences of fifteen years with three-year determinate terms for the counts of trafficking in cocaine, and consecutive unified sentences of fifteen years with five-year determinate terms for the counts of trafficking in methamphetamine, resulting in an aggregate sentence of sixty years with a sixteen-year determinate term. This Court affirmed the judgment of conviction in *State v. Cuevas-Hernandez*, 140 Idaho 373, 93 P.3d 704 (Ct. App. 2004). In 2012, Cuevas-Hernandez

1

filed a motion for relief from an illegal sentence under Rule 35(a). The district court denied the motion without a hearing, and Cuevas-Hernandez appeals.

## II.

## ANALYSIS

Cuevas-Hernandez first asserts that the district court erred by denying his motion without a hearing. Idaho Criminal Rule 35(a) provides, "The court may correct a sentence that is illegal from the face of the record at any time." A sentence is "illegal" within the meaning of Rule 35 only if it is in excess of statutory limits or otherwise contrary to applicable law. *State v. Peterson*, 148 Idaho 610, 613, 226 P.3d 552, 555 (Ct. App. 2010); *State v. Lee*, 116 Idaho 515, 516, 777 P.2d 737, 738 (Ct. App. 1989). The Idaho Supreme Court has narrowly interpreted the term "illegal sentence" under Rule 35 as "a sentence that is illegal on the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing." *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009). Because a claim that a sentence is illegal does not involve significant questions of fact or require an evidentiary hearing, the court did not err in this case by deciding the motion without a hearing.

Next, Cuevas-Hernandez appears to assert that one of his sentences was illegal because the district court was without jurisdiction to enter a conviction on that count. Generally, a motion under Rule 35 subjects only the sentence, and not the underlying conviction, to re-examination, and Rule 35 is not a mechanism to collaterally attack an underlying conviction. *State v. Self*, 139 Idaho 718, 725, 85 P.3d 1117, 1124 (Ct. App. 2003); *State v. Warren*, 135 Idaho 836, 841-42, 25 P.3d 859, 864-65 (Ct. App. 2001); *Housley v. State*, 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct. App. 1991). Other remedies, such as appeal or a petition for post-conviction relief, are available to set aside a wrongful conviction. *State v. McDonald*, 130 Idaho 963, 965, 950 P.2d 1302, 1304 (Ct. App. 1997); *Housley*, 119 Idaho at 889, 811 P.2d at 499. Nevertheless, in *State v. Lute*, 150 Idaho 837, 839-40, 252 P.3d 1255, 1257-58 (2011), the Idaho Supreme Court held that a question of the trial court's subject matter jurisdiction must be considered on a Rule 35 motion challenging the legality of the sentence, and therefore we consider Cuevas-Hernandez's jurisdictional challenge.

Cuevas-Hernandez asserts that the original complaint charged only three counts of trafficking, that the complaint was improperly amended to allege four counts, and that the court therefore lacked jurisdiction to convict him of four counts. The premise of Cuevas-Hernandez's

2

argument is simply false. The record in this case shows that the original complaint, filed on April 10, 2002, plainly alleged two counts of trafficking in methamphetamine and two counts of trafficking in cocaine, for a total of four counts, all alleged to have occurred on April 9, 2002. The amended complaint filed on May 3, 2002, likewise alleged two counts of trafficking in methamphetamine and two counts of trafficking in cocaine, all alleged to have occurred on April 9, 2002. Cuevas-Hernandez has not shown that the amended complaint alleged new or different offenses. Subject matter jurisdiction is conferred upon a court by the filing of an information, indictment, or complaint alleging that an offense was committed within the state of Idaho. *State v. Severson*, 147 Idaho 694, 708, 215 P.3d 414, 428 (2009); *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). The original complaint conferred jurisdiction on the trial court to adjudicate four charges of trafficking. Therefore, Cuevas-Hernandez's argument that the district court lacked jurisdiction to enter a conviction on four counts is without merit.

Finally, Cuevas-Hernandez asserts that his sentences are illegal because the court misapplied his credit for time served. Cuevas-Hernandez apparently received a credit for time served of 272 days, and now asserts that the credit should have been applied to each of his four consecutive sentences or, in other words, that his credit should be multiplied for an aggregate credit of 1,088 days. The Supreme Court rejected an identical claim in *State v. Hoch*, 102 Idaho 351, 352, 630 P.2d 143, 144 (1981). There the Court stated:

> We hold that the purpose of I.C. § 18-309[1] is clearly to give a person convicted of a crime credit for such time as he may have served prior to the actual sentencing upon conviction. We find no intent of the legislature that a person so convicted should have that credit pyramided simply because he was sentenced to consecutive terms for separate crimes.

*Id.*

---

[1]    Idaho Code section 18-309 provides:

   In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

Cuevas-Hernandez has not demonstrated that his sentence is illegal. Accordingly, the district court's order denying Cuevas-Hernandez's motion to correct an illegal sentence is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**