**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40251**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 603 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 30, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROSENDO LOPEZ GUEVARA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Renae J. Hoff, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence, <u>affirmed</u>.

Rosendo Lopez Guevara, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Rosendo Lopez Guevara appeals from the district court's order denying his I.C.R. 35 motion for correction of an illegal sentence. For the reasons set forth below, we affirm.

In 2001, Guevara was charged with lewd conduct with a minor under the age of sixteen, I.C. § 18-1508, with enhancements for being a repeat offender and being a persistent violator. Pursuant to a plea agreement, Guevara pled guilty to the lewd conduct charge and the state dismissed the enhancements. The district court imposed a unified sentence of life imprisonment, with a minimum period of confinement of fifteen years. Guevara's judgment of conviction was entered on October 30, 2001, and Guevara filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. Guevara appealed, but the appeal was dismissed after Guevara failed to pay for the preparation of the clerk's record and transcripts. The Idaho Supreme Court issued a remittitur on July 8, 2002. On October 27, 2011, Guevara filed an

1

I.C.R. 35 motion for relief from an illegal sentence, which the district court denied. Guevara appeals.[1]

On appeal, Guevara asserts that his sentence is illegal and should be vacated. Pursuant to I.C.R. 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under I.C.R. 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson,* 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez,* 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991).

Guevara first argues the district court erred by applying the I.C.R. 35(b) limitation period of 120 days to deny his claim. The record demonstrates that the district court did not deny Guevara's motion based on the 120-day limitation period. Rather, the district court stated as follows:

> In this case, the matter comes back before me on a Rule 35 motion, which normally must be pled within 120 days, seeking leniency. The defendant in this case has elected to assert that there was a manifest injustice, and, therefore, I have set the matter for hearing today.

The district court analyzed the merits of each of Guevara's claims. Thus, the district court did not err, as it did not treat Guevara's claims as time barred. [2]

---

[1] Guevara also filed a motion for withdrawal of his guilty plea under I.C.R. 33, and later supplemented his I.C.R. 35 motion with briefing on both I.C.R. 33 and I.C.R. 35. While the district court did not expressly rule or enter an order indicating that the motion pursuant to I.C.R. 33 was denied, the district court's oral ruling demonstrates it was addressing both of Guevara's motions. Specifically, citing *State v. Lavy*, 121 Idaho 842, 828 P.2d 871 (1992), the district court discussed the manifest injustice standard as it applies to a motion to withdraw a guilty plea after sentencing. The district court then analyzed the plea entered by Guevara and determined that no manifest injustice had been demonstrated. While Guevara does not argue the district court erred in its ruling on the I.C.R. 33 motion, he contends he did not intend to address that issue at the hearing and believed the hearing would only cover the I.C.R. 35 motion. In any event, the district court had no jurisdiction to grant Guevara's motion to withdraw his guilty plea brought more than nine years after the judgment of conviction became final. *See State v. Jakoski*, 139 Idaho 352, 79 P.3d 711 (2003). A showing of manifest injustice at that late date was irrelevant, at least in the context of a Rule 33 motion to withdraw a guilty plea.

[2] Plainly, the manifest injustice standard of I.C.R. 33 has no application to a claim of an illegal sentence under I.C.R. 35. The court may correct a sentence that is illegal from the face of the record at any time. However, while the district court incorrectly applied a manifest injustice

Guevara next argues the district court impermissibly enhanced his sentence pursuant to the repeat sexual offender and persistent violator enhancements. A review of the record demonstrates that both enhancement charges were dismissed and that Guevara was sentenced upon the lewd conduct charge that he plead guilty to. Guevara's claim here appears to be based on the district court's choice of words when describing Guevara's increasingly egregious conduct in this case. Guevara was on parole at the time this crime occurred, and at sentencing the district court stated, "The parole violation was caused as soon as you started drinking, and then enhanced when you allowed the juvenile to come in there, and then enhanced when you touched the juvenile." A review of the record demonstrates the district court's use of the word "enhanced" is not connected to the two sentencing enhancements that were dismissed by the state. Thus, Guevara has failed to demonstrate his sentence is illegal on this ground.

Guevara next asserts that his sentence is illegal because the district court did not properly arraign him at sentencing under I.C. § 19-2510 by asking his attorney, as opposed to him personally, whether there was any legal cause why judgment should not be pronounced. Because this issue was not raised before the district court, Guevara has failed to preserve it for appellate review. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). We therefore decline to address this argument.

Guevara also argues that his sentence is illegal because the guilty plea upon which it was premised was involuntary and rendered without effective assistance of counsel. Guevara's challenge here is a collateral attack on the underlying conviction and is beyond the scope of an I.C.R. 35 motion. *See Hill v. United States,* 368 U.S. 424, 430 (1962); *Housley v. State,* 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct. App. 1991).

---

standard, first as a reason to set the Rule 35 motion for a hearing and then, apparently as justification to deny all of Guevara's claims, the district court's analysis effectively reviewed Guevara's sentence to ensure it was not contrary to applicable law. Further, review of the legality of a sentence is a question of law subject to free review on appeal. Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper legal theory. *State v. Pierce*, 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct. App. 1984).

Guevara has failed to demonstrate his sentence is illegal and that he is entitled to relief under I.C.R. 35. Therefore, the district court's order denying Guevara's I.C.R. 35 motion for correction of an illegal sentence is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**