# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42981

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 695 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed:  October 30, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GARY BOYD HOLDAWAY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Fremont County.  Hon. Joel E. Tingey, District Judge.

Order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason P. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

---

PER CURIAM

On appeal, Gary Boyd Holdaway asserts that his conviction and sentence are illegal and should be vacated.  Pursuant to Idaho Criminal Rule 35, the district court may correct an illegal sentence at any time.  In an appeal from the denial of a motion under I.C.R. 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court.  *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991).

On review, we conclude that Holdaway's challenge is a collateral attack on the underlying conviction and is beyond the scope of an I.C.R. 35 motion.  *See Hill v. United States*,

368 U.S. 424, 430 (1962); *Housley v. State*, 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct. App. 1991).  The district court's order denying Holdaway's I.C.R. 35 motion is affirmed.