**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 45030**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 646** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 20, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **JERMAINE JAMES ARRATS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order denying Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Jermaine James Arrats entered an *Alford*[1] plea to robbery. Idaho Code §§ 18-6501, 18-69502. The district court sentenced Arrats to a unified term of thirty years with ten years determinate. Arrats filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence. Arrats appeals asserting that the district court abused its discretion by denying his Rule 35 motion for correction of an illegal sentence.

Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991).

Rule 35 is a narrow rule "intended to address the nature of the sentence imposed, not the manner in which the trial was conducted." The Idaho Supreme Court has held that it is "not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive." *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009). Rule 35 inquiries must involve only questions of law, and may not include significant factual determinations to resolve the merits of a Rule 35 claim. *State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015).

On review, we conclude that Arrats' challenge was a collateral attack on the underlying conviction and was beyond the scope of a Rule 35 motion. *See Hill v. United States*, 368 U.S. 424, 430 (1962); *Housley v. State*, 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct. App. 1991). The issue raised by Arrats is actually about his underlying conviction. He asserts the acts charged were done in self-defense; therefore, the district court should have dismissed the robbery charge. As noted above, Rule 35 inquiries may not include significant factual determinations. *Wolfe*, 158 Idaho at 65, 343 P.3d at 507. Because the resolution of this issue would require factual inquiries, it is not properly brought pursuant to a Rule 35 motion.

Therefore, Arrats' challenge was a collateral attack on the underlying conviction and was beyond the scope of a Rule 35 motion. Accordingly, the denial of his Rule 35 motion is affirmed.