**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45365**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 21, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL JOSEPH SHERIDAN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Fremont County. Hon. Dane Watkins, Jr., District Judge.

Order denying Rule 35 motion for an illegal sentence, <u>affirmed</u>.

Michael Joseph Sheridan, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Michael Joseph Sheridan appeals from the district court's order denying his Idaho Criminal Rule 35 motion asserting an illegal sentence. Sheridan argues that the district court erred because his sentence is illegal from the face of the record. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1999, Sheridan was convicted of voluntary manslaughter with a weapons enhancement as a result of the shooting death of Chris Niendorf. Initially, the State charged Sheridan with first degree murder of Niendorf and with aggravated assault of Niendorf's wife. A jury acquitted Sheridan of first and second degree murder, but found him guilty of manslaughter and aggravated assault both with deadly weapon enhancements. Subsequently, the district court ordered a new trial after it discovered that the bailiff had made inappropriate comments to the

1

jury during jury deliberation. Sheridan moved to dismiss the charges on double jeopardy grounds. The district court determined that Sheridan could not be retried on the first and second degree murder charges. However, the district court held that he could be retried for manslaughter, aggravated assault, and the deadly weapon enhancements.

A retrial resulted in a jury finding Sheridan not guilty of aggravated assault, but guilty of manslaughter with a deadly weapon enhancement. The district court sentenced Sheridan to twenty-five years with fifteen years determinate, and this Court affirmed his conviction. Sheridan filed a petition for review which was denied by the Idaho Supreme Court. Thereafter, Sheridan filed for post-conviction relief; the district court dismissed his petition and the Idaho Supreme Court affirmed. In 2016, Sheridan filed a pro se Idaho Criminal Rule 35 motion for correction of illegal sentence claiming that his retrial violated double jeopardy and, thus, the district court did not have subject matter jurisdiction over the retrial. During the process, Sheridan was appointed and fired two separate public defenders and then chose to proceed pro se. The district court denied Sheridan's Rule 35 motion. Sheridan timely appeals.

## II.

## ANALYSIS

On appeal, Sheridan asserts that his conviction and sentence are illegal and should be vacated. Specifically, Sheridan claims, among a variety of other arguments, that the district court did not have subject matter jurisdiction over the retrial because the retrial violated his double jeopardy rights, thereby making his conviction and sentence void. The State argues that the district court did not err in denying Sheridan's Rule 35 motion because (1) the district court had subject matter jurisdiction which was properly conferred by the charging document; (2) Sheridan was not subjected to double jeopardy because a defendant can be retried after a mistrial; and (3) Sheridan's argument is barred by res judicata. Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or

require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to re-examine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

The district court denied Sheridan's Rule 35 motion on the grounds that the sentence is not illegal from the face of the record. We agree. First, Sheridan contends that "the second trial and subsequent sentencing hearing were (void) due to the absence of jurisdiction over subject matter" because he was subjected to double jeopardy when he was re-tried after his mistrial. Sheridan's application of controlling law is misplaced. Subject matter jurisdiction is conferred on a district court by the charging document so long as the indictment or information "alleges that the defendant committed a criminal offense within the state of Idaho." *State v. Frauenberger*, 154 Idaho 294, 298, 297 P.3d 257, 261 (Ct. App. 2013). Here, Sheridan fails to assign error to the charging document, thus his subject matter jurisdiction argument fails.

Next, Sheridan makes a variety of other arguments related to the underlying conviction. However, we will not re-examine the facts underlying the case to determine whether a sentence is illegal. Ultimately, Sheridan was convicted of manslaughter with a weapons enhancement for which he is currently serving a sentence. As the district court stated, "Despite Sheridan's assertions . . . the District Court's decision . . . permitted Sheridan to be tried on manslaughter charges. . . . The district court imposed a sentence that was within the parameters allowable under the statute to which Sheridan was convicted."[1] On review, we conclude that Sheridan's challenge was a collateral attack on the underlying conviction and was beyond the scope of a Rule 35 motion. *See Hill v. United States*, 368 U.S. 424, 430 (1962); *Housley v. State*, 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct. App. 1991).

---

[1] Sheridan appears to believe that because he was initially ordered retried on all charges, double jeopardy attached to preclude retrial on any charge. However, the district court properly ruled that Sheridan could not be retried for the charges for which he was acquitted. Therefore, he was not placed in jeopardy as to those charges and, in fact, received the benefit of the rule. He was allowed to be retried on the charges for which he was convicted and the prior granting of a mistrial does not mean that he was not convicted on those charges.

3

### III.

### CONCLUSION

The face of the record supports the district court's finding that Sheridan's sentence is not illegal. Therefore, the district court's order denying Sheridan's Rule 35 motion is affirmed.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.