**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47359**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 21, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| VALENTIN ALEX HERRERA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Jonathan P. Brody, District Judge.

Order denying I.C.R. 35 motion for correction of an illegal sentence, <u>affirmed</u>.

Valentin Alex Herrera, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Valentin Alex Herrera appeals from an order denying his I.C.R. 35 motion for correction of an illegal sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Herrera was found guilty of battery on a peace officer under former I.C. § 18-915(d) (2001)[1] and a persistent violator sentencing enhancement, I.C. § 19-2514. The battery occurred

---

[1]    At the time of Herrera's conviction, I.C. § 18-915(d) made it a felony for the commission of a battery as defined in I.C. § 18-903, with the exception of unlawful touching as described in I.C. § 18-903(b), "against the person of a peace officer, sheriff or police officer because of the victim's former or present official status." Former I.C. § 18-915(d) is currently codified under I.C. § 18-915(3).

1

while both Herrera and the victim, a former Cassia County sheriff's deputy, were incarcerated in the Cassia County Jail on unrelated charges. Herrera was sentenced to a unified term of thirty years, with a minimum period of confinement of ten years. About ten years later, Herrera moved under I.C.R. 35(a) to correct an illegal sentence, arguing that his sentence is illegal because the victim had "forfeited his public office" due to a felony conviction and should not have been considered a former peace officer. The district court denied Herrera's motion because it focused on matters outside the record. Herrera appeals.

## II.

## STANDARD OF REVIEW

In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

## III.

## ANALYSIS

Herrera argues that the district court erred by denying his Rule 35 motion. Specifically, Herrera contends that his sentence is illegal because the victim, a former sheriff's deputy, was not a former peace officer for purposes of I.C. § 18-915(d). The State responds that res judicata bars Herrera from relitigating whether the victim was a former peace officer[2] and that the district court properly denied Herrera's motion for alleging facts outside the record. We hold that Herrera has failed to show error in the denial of his Rule 35 motion.

A motion to correct an illegal sentence may be brought at any time. I.C.R. 35(a). However, Rule 35(a) is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35(a) should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). In the context of Rule 35(a) the term "illegal sentence" is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. *State v.*

---

[2] We decline to consider the State's argument that res judicata bars Herrera from arguing that the victim was not a former peace officer. The State did not assert this argument before the district court. Consequently, we will not address it for the first time on appeal. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017).

*Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009). The purpose of Rule 35(a) is to allow courts to correct illegal sentences, not to reexamine errors occurring at trial or before the imposition of the sentence. *State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015). Therefore, Rule 35(a) "only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law." *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

Before the district court, Herrera argued that his sentence is illegal because the victim had "forfeited all public offices" under I.C. § 18-310 after being convicted of a felony. Idaho Code Section 18-310(1) provides, in pertinent part:

> A sentence of custody to the Idaho state board of correction suspends all the civil rights of the person so sentenced, including the right to refuse treatment authorized by the sentencing court, and *forfeits all public offices. . . .*

(Emphasis added.) According to Herrera, the "forfeiture of all public offices" includes forfeiture of an individual's status as a former peace officer for purposes of I.C. § 18-915(d) and, therefore, his conviction for battery on a peace officer is unlawful because the victim had forfeited his status as a former peace officer before the battery. To support his argument, Herrera attached exhibits to his supporting memorandum, including copies of documents purporting to be the victim's oath of office as a law enforcement officer and portions of a transcript of Herrera's trial. The district court denied Herrera's Rule 35(a) motion because it was "based on facts or assertions clearly outside the face of the record."[3]

Herrera asserts that the district court erred because resolving his Rule 35(a) motion entails neither significant questions of fact nor requires an evidentiary hearing. We disagree. Resolving Herrera's Rule 35(a) motion requires a significant factual finding that cannot be determined from the face of the judgment--whether the victim had been sentenced to the custody of the Idaho Department of Correction before the battery. Making this factual determination would require reexamination of not only the facts surrounding the battery, but also the victim's criminal history. Such an inquiry and factual determination exceeds the scope of a trial court's authority under a

---

[3] The district court also concluded that, to the extent Herrera's motion sought relief under I.C.R. 35(b), his motion was untimely. On appeal, Herrera arguments relate only to I.C.R. 35(a). Thus, Herrera has waived any error associated with the district court's conclusion that Herrera is time-barred from relief under I.C.R. 35(b).

Rule 35(a) motion. *See Clements*, 148 Idaho at 87, 218 P.3d at 1148. Consequently, Herrera has failed to show that the district court erred in denying his Rule 35(a) motion.

Moreover, defendants cannot attack their underlying conviction through a Rule 35(a) motion. *Housley v. State*, 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct. App. 1991). Accordingly, a Rule 35(a) motion is not a proper vehicle to assert an argument that a sentence is illegal because the underlying conviction is illegal. *Housley*, 119 Idaho at 889, 811 P.2d at 499. The essence of Herrera's challenge to the legality of his sentence arises from an attack on his underlying conviction. That is, Herrera argues his sentence is illegal because he did not commit the crime of battery on a peace officer. This argument falls outside the scope of a Rule 35 motion. *See Housley*, 119 Idaho at 889, 811 P.2d at 499.[4]

**IV.**

**CONCLUSION**

Herrera's Rule 35 motion raised significant factual issues that could not be resolved on the face of the judgment. Consequently, Herrera has failed to show error in the denial of his motion. Accordingly, the district court's order denying Herrera's Rule 35 motion is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

---

[4] This argument was also effectively rejected by this Court in Herrera's direct appeal. *See State v. Herrera*, 152 Idaho 24, 29, 266 P.3d 499, 504 (Ct. App. 2011) (concluding that the trial evidence was sufficient to show the victim was a former peace officer).