**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49503**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  March 13, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DEREK JON SANDERS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Robert C. Naftz, District Judge.

Order denying I.C.R. 35(a) motion for correction of an illegal sentence, <u>affirmed</u>.

Nevin, Benjamin & McKay, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Derek Jon Sanders appeals from the order denying his I.C.R. 35(a) motion for correction of an illegal sentence.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found Sanders guilty of grand theft, I.C. §§ 18-2403(1) and 18-2407(1), and criminal possession of a financial transaction card, I.C. § 18-3125.  The jury also found that Sanders is a persistent violator of the law.  I.C. § 19-2514.  The district court imposed concurrent, unified sentences of twelve years, with a minimum period of confinement of four years, for grand theft and five years, with a minimum period of confinement of three years, for criminal possession of a financial transaction card.  Sanders appealed, contending that his sentences are excessive, and this

1

Court affirmed in an unpublished opinion. *State v. Sanders*, Docket No. 45315 (Ct. App. Aug. 13, 2018).

Following his first appeal, Sanders filed a pro se I.C.R. 35(a) motion, asserting his sentence for grand theft is illegal because, according to Sanders, the victim alleged in a police report "that the Theft occurred in the City of Blackfoot, in the Seventh Judicial District, but [his] Trial happened in the Sixth Judicial District." After appointing Sanders counsel, the district court denied the I.C.R. 35(a) motion. Acting pro se, Sanders filed a notice of appeal and, on the same day, filed a motion to reconsider the denial of his I.C.R. 35(a) motion. This time Sanders asserted that the victim "reported that she believed her wallet had been stolen from her vehicle, while she was at the Fort Hall Rec Center" and that, because the "Fort Hall Rec Center is located on Tribal Land," it is "not legally located within the State of Idaho's jurisdiction." Sanders also asserted that, at trial, "nobody testif[ied] that the Grand Theft took place in Idaho." Based on these arguments, Sanders asserted the district court "lack[ed] jurisdiction to have imposed a sentence" for grand theft. The appellate record does not show that the district court ruled on the motion to reconsider.

Months later, Sanders (again acting pro se) filed a second I.C.R. 35(a) motion. As part of his second motion, he asserted that the district court "had no jurisdiction to impose [the] sentence" for grand theft because "no witness testified the crime of Grand Theft occurred within the State of Idaho." The district court denied Sanders' second motion. Sanders appeals.

## II.

## STANDARD OF REVIEW

In an appeal from the denial of a motion under I.C.R. 35(a) to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

## III.

## ANALYSIS

Sanders asserts the district court erred in denying his second I.C.R. 35(a) motion because, according to Sanders, the State "did not prove the theft took place in Idaho" and, consequently, the district court lacked jurisdiction to impose a sentence for grand theft. The State responds that Sanders' argument "is barred by res judicata" and that, in any event, his argument fails on the merits because "the district court would have exceeded the narrow scope of [I.C.R.] 35(a) and the

2

scope of its authority by undertaking the analysis Sanders' claim requires." The State also asserts that the jury's finding of guilt "necessarily found that the crime occurred in Idaho" and that Sanders "failed to provide an adequate record for appellate review" because, according to the State, the trial transcript Sanders submitted as part of his first I.C.R. 35(a) motion "is partial and not the complete trial transcript." In reply, Sanders asserts the State failed to preserve its res judicata argument because it was not raised to the district court and that, in the alternative, the State fails to establish several of the elements necessary to establish the defense of res judicata. Sanders also asserts that, despite some pages being "in the wrong order," the documents submitted by Sanders as part of his first I.C.R. 35(a) motion contain a complete transcript of the trial. Because a challenge to the validity of a conviction is outside the scope of an I.C.R. 35(a) motion, we affirm and do not address the parties' other arguments.

A motion to correct an illegal sentence may be brought at any time. I.C.R. 35(a). However, Rule 35(a) is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35(a) should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). In the context of I.C.R. 35(a), the term "illegal sentence" is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009). The purpose of I.C.R. 35(a) is to allow courts to correct illegal sentences, not to reexamine errors occurring at trial or before the imposition of the sentence. *State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015). Therefore, I.C.R. 35(a) only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

Moreover, defendants cannot attack their underlying conviction through an I.C.R. 35(a) motion. *Housley v. State*, 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct. App. 1991). Accordingly, an I.C.R. 35(a) motion is not a proper vehicle to assert an argument that a sentence is illegal because the underlying conviction is illegal. *Housley*, 119 Idaho at 889, 811 P.2d at 499. The essence of Sanders' challenge to the legality of his sentence arises from an attack on his underlying conviction and a request for a factual determination regarding the evidence presented at trial. That is, Sanders argues his sentence is illegal because the trial record allegedly does not show that he committed the crime of grand theft within Idaho. This argument falls outside the scope of an I.C.R.

3

35(a) motion.  *See Housley*, 119 Idaho at 889, 811 P.2d at 499.  Consequently, the district court did not error in denying Sanders' I.C.R. 35(a) motion.

## IV.
## CONCLUSION

Sanders' challenge to the legality of his conviction falls outside the scope of an I.C.R. 35(a) motion.  Accordingly, the district court's order denying Sander's I.C.R. 35(a) motion for correction of an illegal sentence is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.